IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| 1.   TRUDY PATTERSON, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>1.   CITY OF YUKON, )<br>OKLAHOMA, A MUNICIPAL )<br>CORPORATION ex. rel. )<br>Yukon Police Department, )<br>)<br>Defendant. ) | Civil Action No. CIV-16-0862-HE |

**PLAINTIFF'S ORIGINAL COMPLAINT
AND DEMAND FOR JURY TRIAL**

Plaintiff, TRUDY PATTERSON, files this action against Defendant, CITY OF YUKON, and by way of complaint against Defendant alleges the following:

**I.  Nature of Action**

1.1   This jury action seeks redress for Defendant's violation of the laws of the United States and Oklahoma in connection with Plaintiff's employment by Defendant.  This action seeks to enforce rights created under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, *et. seq*. and Oklahoma Anti-Discrimination Act.  As redress for Defendant's violations, Plaintiff prays for and demands declaratory, equitable and legal relief, including compensatory damages and attorney's fees and costs in an amount which will be established at the trial of this cause.

## II.  Jurisdiction and Venue

2.1     This Court has jurisdiction over Plaintiff's claims brought under federal law pursuant to 42 U.S.C. § 2000e-5(f)(3) and 28 U.S.C. §§ 1331 and 2201.

2.2     Venue is proper in this Court, pursuant to 28 U.S.C. § 1391 and 42 U.S.C. § 2000e-5(f)(3), because all or a substantial part of the events or omissions giving rise to the claims set forth herein occurred within the judicial district of this Court and because the Defendant reside within the judicial district of this Court.

2.3     All conditions precedent to Plaintiff's entitlement to relief under this cause of action have been fulfilled and satisfied. Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"). On or about June 13, 2016 the EEOC issued to Plaintiff a Notice of Right to Sue. This suit is instituted within the 90-day requirement of the Notice of Right to Sue.

## III.  The Parties

3.1     Plaintiff is a female citizen of the United States and a resident of Oklahoma County, Oklahoma.

3.2     Defendant City of Yukon is a municipal corporation located in Canadian County, State of Oklahoma. Service of this Complaint and Demand for Jury Trial may be accomplished by serving its City Clerk:  Doug Shivers, City Clerk, City of Yukon, 500 West Main, Yukon, OK  73085.

3.3     At all times material to this action, Andrew Johnson was a Captain with the City of Yukon Police Department.  During the conduct hereinafter alleged, Capt. Johnson

was acting within the scope of his actual and apparent authority as an official and managing agent of Defendant. He was otherwise aided in accomplishing the conduct hereinafter alleged by the existence of his actual or apparent employment and agency relationship with Defendant. All of the actions of Capt. Johnson hereinafter alleged were known to, authorized and ratified by Defendant.

### IV. Background Facts

4.1　On or about July 2012 Defendant hired Ms. Patterson for the full-time position of police officer. Beginning May 2014 her immediate supervisor was Andrew Johnson, Captain. On or about February 2015 she was promoted to Corporal.

4.2　On or about May 2014 Plaintiff complained to Captain Hoskins that she was not comfortable with Capt. Johnson as her new supervisor due to his reputation toward women as being inferior officers in relation to male officers. She told him of an incident where Capt. Johnson had instructed her to have a male officer assist her with a routine warrant service. In the past, she had routinely served warrants alone. The Captain told her to just do her job.

4.3　Thereafter, Ms. Patterson worked the evening shift under Capt. Johnson as a police officer alone in her car with GPS tracking.

**Sexually Offensive Behavior and Remarks from Supervisor/Captain.**

4.4　Beginning May 2014 Capt. Johnson began to engage in sexually inappropriate behavior toward Ms. Patterson, which he progressively escalated. This

sexual harassment included, without limitation, flirtation, sexually offensive and suggestive remarks, invitations to date and suggestive pictures.

4.5     Based upon information and belief, Capt. Johnson sexually harassed another female officer(s) prior to becoming Plaintiff's supervisor.

4.6     Such conduct was so severe, extreme and pervasive that it interfered with Plaintiff's work performance and otherwise created for her an intimidating, hostile and offensive working environment.

4.7     Capt. Johnson's behavior and comments were unwanted and she requested from him that he cease his behavior. Despite her opposition, Capt. Johnson continued with his sexually harassing behavior toward Ms. Patterson. Further, he would follow or stalk her in his car. He routinely arranged for or showed up on her calls through GPS tracking on her squad car.

**Complaints up Chain of Command**

4.8     Late December early January 2014 Ms. Patterson reported to her union representative, Steve Daughtery, Fraternal Order of Police, of sexual harassment by Capt. Johnson. Later that day, Daughtery advised Ms. Patterson not to work her next shift so he could meet with the Police Chief on her complaint.

4.9     A few days later, Ms. Patterson met with the Police Chief, John Corn, and reported and discussed sexual harassment from Capt. Johnson. She also delivered a written complaint of sexual harassment as well as copies of text messages from Capt. Johnson. The Police Chief said the matter would require the assistance of City Hall.

4.10    Later that day, Ms. Patterson met with Grayson Bottoms, City Manager, Cindy Shivers, Human Resources Director, and Chief Corn and discussed the sexual harassment from Capt. Johnson.  At the meeting Ms. Patterson was put on immediate leave from work in order to gain composure and not to return until she was permitted.

4.11    On or about January 7, 2015 Ms. Patterson underwent counseling for anxiety and panic attacks.

4.12    On or about January 12, 2015, while on leave, Ms. Patterson called the Police Chief to inquire about the investigation and her status.  He did not have any information.

4.13    On or about January 14, 2015 Ms. Patterson was prescribed valium for anxiety and panic attacks due to the work environment.

4.14    On or about January 15, 2015 Ms. Patterson was advised by the Police Chief to return to work the next day.  Ms. Patterson expressed her fear of reprisal from Capt. Johnson upon her return.  He assured her that there would not be any contact from Capt. Johnson.  At that time, Capt. Johnson was on administrative leave.   Based upon his assurances, Ms. Patterson returned from leave the next day to the evening shift as police officer.

4.15    Ms. Patterson periodically inquired with Defendant concerning the status and/or results of the investigation and Capt. Johnson's discipline, if any.

**Disciplinary Write-Up to Plaintiff**

4.16    On or about early February 2015, in a meeting with the Police Chief and Ms. Patterson with Union representatives, Steve Daughtery and Curtis Lemmings, Ms.

Patterson was accused of code of conduct violations for inappropriate text messages, emails and conversations and issued a disciplinary write-up.  The Police Chief would not give to her any specific basis to the violations.  The Police Chief said Ms. Patterson could formally grieve the write-up with her union, but, if she did, he threatened an internal investigation, which may result in more than a write-up for her.

4.17   Later in February, Capt. Johnson returned from administrative leave retaining his Captain rank.  Although Ms. Patterson was on the evening shift, both shifts overlapped 2 hours between 10 p.m. to midnight leaving him within her chain of command.

4.18   A few days later Ms. Patterson set up a meeting with the City Manager, Grayson Bottoms, and H.R. Director, Cindy Shivers, Police Chief Corn and Steve Daughtery, Union, to discover if her sexual harassment complaint had merit and for more detail as to the basis to her disciplinary write-up.   She was told that her sexual harassment complaint had merit and her discipline was for vulgar language.   Ms. Patterson requested that she not be required to work with or report to Capt. Johnson from 10 p.m. to midnight [overlap between evening and night shift] out of fear of reprisal and for her personal safety.  Her request was denied and she was directed to follow his orders, if given, during this part of her shift.

**Emotional Distress**

4.19   The work environment before and after her return from leave created emotional distress for Ms. Patterson.  She was forced to work with and take orders from Capt. Johnson for approximately two months.

4.20   Ms. Patterson tried to avoid working with Capt. Johnson by using her accrued comp and vacation time when he was on her shift.

4.21   Capt. Johnson was not terminated nor demoted from her chain of command. Based upon information and belief Capt. Johnson later separated in May for racist comments, photographing topless victims on his phone and/or pornography on his computer.

4.22   Ms. Patterson has suffered emotionally and physically from the sexual harassment and the retaliation through having to work under him for part of her shift and the disciplinary write-up on her record.

4.23   During her leave, she obtained treatment for high blood pressure, received prescription medication for anxiety and panic attacks and has underwent a regimen of psychological counseling.

### Count I:  Title VII of the Civil Rights Act of 1964 and OADA
### (Sex Discrimination/Hostile Work Environment)

5.1   Plaintiff incorporates and realleges, in full, paragraphs 1.1 through 4.23 of this Complaint.

5.2   At all times material to this cause of action, Defendant has continuously been and is an employer "engaged in an industry affecting commerce" within the meaning of 42

U.S.C. § 2000e(a), (b), (g) & (h), and have continuously employed and does employ fifteen or more employees within the meaning of 42 U.S.C. § 2000e(b) & (f).

  5.3 Plaintiff was an "employee" of Defendant and Defendant was Plaintiff's "employer", within the meaning of 42 U.S.C. § 2000e(f), throughout her employment.

  5.4 Defendant willfully, knowingly and intentionally discriminated against Plaintiff on the basis of sex, continuously throughout her entire employment, by continuously maintaining a hostile and abusive work environment in which she was subject to unwelcome sexual harassment which was so severe and pervasive that the terms, conditions and privileges of her employment palpably deteriorated.  Defendant otherwise knew or should have known of such sexual harassment and yet failed to take prompt remedial action.

  5.5 Such conduct was so extreme and pervasive that it unreasonably interfered with Plaintiff's work performance and otherwise created for her an intimidating, hostile and offensive working environment at Defendant.  By engaging in such conduct, Defendant violated Section 703(a)(1) of Title VII and the Oklahoma Anti-Discrimination Act ["OADA"], which makes it an unlawful employment practice for an employer to discriminate against any individual with respect to her compensation, terms, conditions, or privileges of employment because of her sex.

  5.6 Defendant engaged in the conduct alleged herein with malice and reckless indifference to the federally protected rights of Plaintiff within the meaning of 42 U.S.C. § 1981a.

5.7 As a direct and proximate result of the violations of Title VII and OADA alleged under this Count, Plaintiff has also suffered mental and emotional distress.

5.8 As a direct and proximate cause of the violations of Title VII and OADA as alleged under this Count, Plaintiff has also suffered other pecuniary losses, the type and amount of which will be established at the trial of this cause.

### Count II: Title VII of the Civil Rights Act and OADA
### (Retaliation)

6.1 Plaintiff incorporates and realleges, in full, paragraphs 1.1 through 5.8 of this Complaint.

6.2 By Plaintiff expressing to management and city officials that she held the good faith belief that she was being discriminated against on the basis of sex and complaining of such conduct, Plaintiff was opposing discrimination made unlawful by Title VII and OADA. Plaintiff was therefore engaged in activity protected under Section 704(a) of Title VII and OADA.

6.3 Plaintiff's opposition to and reporting of sex discrimination was a motivating factor in the suspension, issuance of a disciplinary write-up and retention within his/harasser's chain of command. Defendant willfully, knowingly and intentionally discriminated against Plaintiff on the basis of her opposition to sex discrimination in her suspension, disciplinary write-up and retention within her harasser's chain of command.

6.4 By engaging in the aforementioned conduct, Defendant violated, and continues to violate Section 703(a)(1) & 704 (a) of Title VII and OADA, which makes it an unlawful employment practice for an employer to discriminate against any person because

she has opposed any practice made an unlawful employment practice by Title VII and the OADA.

6.5     Defendant engaged in the conduct alleged under this Count with malice and reckless indifference to the federally protected rights of Plaintiff, within the meaning of 42 U.S.C. Section 1981a.

6.6     As a direct and proximate result of the violations of Title VII and OADA alleged under this Count, Plaintiff has been damaged by the loss of accrued comp and vacation time and issuance of a disciplinary write-up in her personnel file affecting advancement and promotion in her law enforcement career had she not been reported sexual harassment in violation of Title VII and OADA.

6.7     As a direct and proximate result of the violations of Title VII and OADA alleged under this Count, Plaintiff has also suffered mental and emotional distress.

6.8     As a direct and proximate result of the violations of Title VII and OADA alleged under this Count, Plaintiff has also suffered other pecuniary losses, the type and amounts of which will be established at the trial of this cause.

### Prayer for Relief

Plaintiff prays for and demands the following relief:

1.     A judgment that Defendant has engaged in all of the conduct alleged in this Complaint, and that Defendant has, by engaging in such conduct, violated Title VII and OADA.

2. A judgment against Defendant awarding Plaintiff an amount equal to her lost comp and vacation time, but for the sex discrimination and retaliation.

3. A judgment against Defendant awarding Plaintiff compensatory damages, including emotional distress, as redress for Defendant's violation of Title VII and OADA.

4. A judgment against Defendant awarding Plaintiff an amount equal to the costs of bringing this action, including a reasonable attorney fee.

5. A judgment awarding Plaintiff such other legal and equitable relief as may be appropriate, including prejudgment and postjudgment interest.

Respectfully Submitted,

s/Jeff Taylor
Jeff A. Taylor
State Bar No. 17210
The Offices at Deep Fork Creek
5613 N. Classen Blvd.
Oklahoma City, OK  73118
Telephone:  (405) 286-1600
Facsimile:   (405) 842-6132

COUNSEL FOR PLAINTIFF

**DEMAND FOR JURY TRIAL**

In accordance with Fed.R.Civ.P. 38(b), Plaintiff demands a jury trial of all of her claims in this action.

s/Jeff Taylor
JEFF A. TAYLOR